UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL JORGENSEN

v.                              CASE NO.

MARK KOORS (DECATUR COUNTY INDIANA)
DAVE DURANT
D.W. PARKER
WAKINDA DOLES
QUALITY CORRECTIONAL CARE LLC
DOCTOR HOLE
ASHLEY SNAPP

**FILED**
**11/18/2022**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

1:22-cv-2242-SEB-MJD

# COMPLAINT WITH JURY DEMAND

## INTRODUCTION

This is a civil rights action filed by Michael Jorgensen, a pre-trial detainee, for damages under 42 U.S.C. §§ 1983 alleging denial of adequate medical care and delayed medical treatment in violation of his protection under the Fourteenth Amendment as it relates to deliberate indifference.

## JURISDICTION

1. This court has jurisdiction over the plaintiff's claim of violation of Federal Constitutional Rights under 28 U.S.C. §§ 1331(1) and 1343.

2. This court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. §§ 1367

## PARTIES

3. The Plaintiff, Michael Jorgensen has been held as a pre-trial detainee at the Decatur County Detention Center at the

1

TIME OF THE EVENTS DESCRIBED IN THIS COMPLAINT

4. County of Decatur Indiana is responsible for the torts of its employees under the doctrine of Respondeat Superior and is sued in its official capacity under state law.

5. Dave Durant is responsible for the torts of his employees under the doctrine of Respondeat Superior and is sued in his official and individual capacity under state and federal law.

6. D.W. Parker is the Decatur County Detention Center Jail Commander and is sued in his individual and official capacity under state and federal law.

7. Wakinda Doles is the Decatur County Detention Center Assistant Jail Commander and is sued in her individual capacity under state and federal law.

8. Quality Correctional Care LLC is contracted to provide the medical care at the Decatur County Detention Center, is responsible for the torts of its employees under the doctrine of Respondeat Superior and is sued in its official capacity under state and federal law.

9. Doctor Hoke is employed through Quality Correctional Care and is sued in his individual capacity under state and federal law.

10. Ashley Snapp is employed through Quality Correctional Care and is sued in her individual capacity under state and federal law.

11. The above named parties are all named as defendants in this Petitioner's §1983 claim as well as his state law civil tort claim in which the notice of tort that he sent to the Indiana Insurance Commission, the Decatur County Commissioner, Mark Koors and Decatur County Sheriff

2.

Dave Durant, has been attached to this claim as Exhibit T.C.

12. Plaintiff sent this notice in compliance with Indiana Tort law to notify of intention to file a claim.

13. Plaintiff did not intend to have the claim filed in state court due to the federal constitutional right violations that are involved as well.

14. Plaintiff prays this court provide assistance in making sure the civil tort is properly attached as a supplemental jurisdiction under 28 U.S.C. §§ 1367

## FACTS

15. On March 21, 2022 Michael Jorgensen was taken into custody as a pre-trial detainee and is housed at the Decatur County Detention Center.

16. Since being housed as a pre-trial detainee he has been denied adequate medical care and has been subjected to extreme delays in treatment of his serious medical needs.

17. Michael submitted medical requests complaining of extreme dental pain, loose, and sensitive teeth. Explaining that the pain was affecting his ability to eat and sleep.

18. Michael was told he was put on a dentist list to be seen but they didn't know how long it would be until he was seen.

19. Michael was treated almost two weeks later and only after several complaints of extreme pain and filing a grievance.

20. On June 10, 2022 Michael was taken to a dentist where he had four teeth extracted.

21. After some time passed Michael was still experiencing extreme pain and sensitivity. When he submitted a medical request

3

concerning this, he was told it was it was residual pain from the teeth that were extracted, and was never seen about this complaint.

22. Michael informed the nurse Ashley Snapp that the pain was from other teeth that were also loose and sensitive that were not taken care of at the first dentist visit.

23. Michael also filed medical requests concerning extremely painful vision problems. That he only had one contact in his eyes and suffers from extreme headaches from having to strain to see, and that there's black spots in his vision that he believes are ulcers on his eyes.

24. Michael was told that the facility doesn't have the equipment to do an eye exam, that he can buy reading glasses on commissary.

25. In July Michael was seen by Doctor Hoke who after criticizing Michael about his requests, told Michael that he (Dr. Hoke) "once made a 30 day pair of contacts last for a year." That Michael's vision problems were "pre-existing", and therefore "not the jails responsibility to treat."

26. Doctor Hoke then quickly shined a small flashlight in Michael's eyes, said he was fine and told nurse Snapp to give Michael a contact case which only had saline solution in one side of it.

27. Michael then asked about his dental needs at which time Doctor Hoke asked nurse Snapp if he was on the dentist list, which she affirmed.

28. Doctor Hoke never once looked at Michael's teeth to see if his dental issues were serious in nature. If he had it would have been obvious that he had a serious medical need.

29. Only after numerous complaints and filing grievances and finally Michael having to file a notice of tort claim was Michael

Michael taken to the Dentist

30. On November 4, 2022 Michael was taken to the dentist where three more teeth were extracted.

31. As of this date Michael has received no treatment concerning his vision. He still suffers from headaches every day, light sensitivity and burning sensations. He contends that the ulcers on his eyes are getting worse.

32. Michael alleges that Decatur County Sheriff Dave Durant has imposed policies that severly limit medical care to those who are detained in the Decatur County Detention Center and condones practices of down playing serious medical needs in an attempt to not have to take on the costs of treatment.

33. Dave Durant has also impeded Michael's ability to seek a redress of grievances by erecting barriers through jail policy against providing offenders with copies of requests, grievances, appeals inmate trust account, jail policies, and Michael's medical records without a court order, and ignoring Michael's letters to him concerning this matter. Not only violating state law, but also federal law and Michael's right of access to courts.

34. Michael alleges that Quality Correctional Care LLC maintains unconstitutional policies and practices that require their employees provide as minimal treatment as possible or necessary to cut costs and/or abide by unconstitutional contact requirements.

35. Michael alleges that both Nurse Ashley Snapp and Doctor Hoke were deliberately indifferent to his serious medical needs causing an extremely excessive delay in treatment of his serious dental needs and the outright denial of treatment of his serious vision issues, as well as medical mal-practice and

5

NEGLIGENCE

36. Michael alleges that both D.W. Parker and Wakinda Doles impeded his ability to seek redress by refusing to turn over the documents mentioned in paragraph 33 and participated in erecting barriers to impede his ability to seek redress.

## Exhaustion of Remedies

37. The Plaintiff has exhausted his administrative remedies with respect to all claims of this complaint.

## Claims for Relief

38. Decatur County Indiana is responsible under the doctrine of Respondeat Superior for the state law torts of Dave Durant, D.W. Parker and Wakinda Doles

39. Decatur County Sheriff Dave Durant has implemented policies and practices that are unconstitutional and which caused the unnecessary delay and/or denial of adequate medical care which violated this Plaintiff's protection under the Fourteenth Amendment of the United States Constitution.

40. Sheriff Dave Durant has implemented unconstitutional policies and/or practices that erect barriers hampering the Plaintiff's ability to seek redress, by requiring the Plaintiff to get a court order to acquire his own records and jail policies, despite the fact that the Plaintiff is a pre-trial detainee and not an offender. Violating not only state law, but also federal law and the Plaintiff's First and Fourteenth Amendment Right and Protection.

41. D.W. Parker and Wakinda Doles both violated Indiana law as well as federal law when they refused to turn over the

6

requested information in paragraph 33 also violating the plaintiff's First and Fourteenth Amendment Right and Protection.

42. Quality Correctional Care LLC has implemented unconstitutional policies and practices requiring its employees to take steps necessary to only have to provide the bare minimum treatment required to prisoners. It is also responsible for the torts of its employees under the doctrine of Respondeat Superior. Thus causing the violation of this plaintiff's Fourteenth Amendment Protection.

43. Doctor Hoke was negligent in providing an adequate exam of this plaintiff and was deliberately indifferent to this plaintiff's serious medical needs when he intentionally down played the plaintiff's needs in order to avoid proper treatment. Violating state law and the plaintiff's Fourteenth Amendment Protection.

44. Nurse Ashley Snapp was negligent in handling the plaintiff's medical requests by down playing his claims. Nurse Snapp knew first hand of the plaintiff's cries for help and made no attempt at getting him prompt or proper treatment. Violating state law and this plaintiff's Fourteenth Amendment Protection.

## RELIEF REQUESTED

Wherefore, Plaintiff requests that this court grant the following relief:

A. Issue a Declaratory Judgement stating that:

1. The delay in treating the plaintiff's serious dental needs constituted deliberate indifference in violation of the plaintiff's Fourteenth Amendment Protection.

2. The continued denial of treatment of the plaintiff's serious and worsening vision problems constitutes deliberate indifference in violation of the plaintiff's Fourteenth Amendment Protection.

7

3. Defendant Dave Durant was negligent in following state law when he refused to turn over requested documents and ignored this Plaintiff's letters.

4. Defendant Dave Durant was deliberately indifferent when he erected barriers meant to hamper and/or impede this Plaintiff's ability to seek redress

5. Policies put in place by Dave Durant caused this Plaintiff unnecessary pain and suffering violating his Fourteenth Amendment rights and protection.

6. Defendants Doctor Hoke and Ashley Snapp were negligent in providing adequate medical care and deliberately indifferent to this Plaintiff's serious medical needs resulting in unnecessary delay and denial of medical treatment in violation of state law and this Plaintiff's Fourteenth Amendment rights and protections.

B. Award Compensatory Damages for the Plaintiff's Federal Claims in the following amounts:

1. $150,000.00 each against Doctor Hoke and Ashley Snapp for the deliberate indifference to the Plaintiff's serious medical needs.

2. $150,000.00 against Sheriff Dave Durant for the imposition of unconstitutional policies and practices that hampered this Plaintiff's access to courts as well as caused deliberate indifference to this Plaintiff's serious medical needs.

3. $75,000.00 against Quality Correctional Care LLC for maintaining unconstitutional policies and/or practices that are meant to minimize the seriousness of detainees medical needs

8

AND/OR THAT ARE MEANT TO PROVIDE THE LEAST AMOUNT OF PROVISION POSSIBLE IN ORDER TO COMPLY WITH UNCONSTITUTIONAL CONTRACT REQUIREMENTS.

C. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

1. $50,000.00 AGAINST SHERIFF DAVE DURANT IN HIS OFFICIAL CAPACITY.
2. $25,000.00 AGAINST DAVE DURANT IN HIS INDIVIDUAL CAPACITY.
3. $50,000.00 AGAINST QUALITY CORRECTIONAL CARE LLC IN ITS OFFICIAL CAPACITY
4. $25,000.00 AGAINST DOCTOR HOKE IN HIS INDIVIDUAL CAPACITY.
5. $25,000.00 AGAINS ASHLEY SNAPP IN HER INDIVIDUAL CAPACITY.
6. PLAINTIFF SEEKS ADDITIONAL DAMAGES FOR THE PHYSICAL PAIN AND EMOTIONAL SUFFERING THAT HE HAS ALREADY HAD TO ENDURE AND FOR THE CONTINUED SUFFERING HE IS BEING MADE TO ENDURE BY THE CONTINUED DENIAL OF ADEQUATE MEDICAL CARE EACH DAY, IN THE AMOUNT OF $1,000,000.00 OR WHATEVER THE COURT WOULD DEEM APPROPRIATE IN ACCORDANCE WITH FEDERAL LAW.

D. AWARD COMPENSATORY DAMAGES FOR THE STATE LAW TORT CLAIMS IN THE FOLLOWING AMOUNTS:

1. $200,000.00 AGAINST DECATUR COUNTY INDIANA THE TORTS OF ITS EMPLOYEE DAVE DURANT
2. $100,000.00 AGAINST DAVE DURANT FOR NEGLIGENCE AND FOR THE TORTS OF HIS EMPLOYEES D.W. PARKER AND WAILINDA DOLES

9

3. $50,000.00 AGAINST D.W. PARKER FOR NEGLIGENCE
4. $50,000.00 AGAINST WAKINDA DOLES FOR NEGLIGENCE
5. $200,000.00 AGAINST QUALITY CORRECTIONAL CARE LLC FOR THE TORTS OF ITS EMPLOYEES
6. $50,000.00 AGAINST DOCTOR HOLE FOR NEGLIGENCE AND MEDICAL MAL-PRACTICE
7. $50,000.00 AGAINST ASHLEY SNAPP FOR NEGLIGENCE AND MEDICAL MAL-PRACTICE.

E. AWARD ANY FURTHER DAMAGES ALLOWABLE:

1. DURING THIS TIME PLAINTIFF WAS A PRE-TRIAL DETAINEE. TO THIS DATE, PLAINTIFF IS STILL A PRE-TRIAL DETAINEE. FOR MONTHS NOW THIS PLAINTIFF HAS BEEN LEFT SUFFERING. NOT ONLY FROM PAIN CAUSED BY HEADACHES AND BURNING SENSATIONS WITH HIS VISION AS WELL AS ULCERS ON HIS EYES THAT ARE WORSENING BY THE DAY. BUT ALSO FROM DENTAL PAIN SO BAD IT AFFECTS HIS ABILITY TO EAT AND SLEEP, AND GOT SO BAD THAT HE PULLED A BIG PART OF HIS OWN TOOTH OUT IN AN ATTEMPT TO RELIEVE SOME OF THE PAIN.

2. TO THIS DATE THE PLAINTIFF HAS NOT BEEN TREATED FOR ALL HIS SERIOUS DENTAL NEEDS. HE STILL SUFFERS FROM VISIBLY LOOSE TEETH AS WELL AS EXTREME SENSITIVITY. THE TREATMENT THAT HE HAS BEEN PROVIDED HAS BEEN THE ABSOLUTE MINIMUM THAT THIS FACILITY CAN GET BY WITH. YET AGAIN LEAVING THIS PLAINTIFF TO SUFFER UNNECESSARILY IN ORDER TO SAVE MONEY.

3. TO THIS DATE THE PLAINTIFF HAS STILL NOT BEEN TREATED FOR HIS VISION PROBLEMS, STILL HAS ONLY ONE CONTACT, WHICH IS NOW OVER A YEAR OLD. IS SUFFERING FROM BURNING SENSATIONS EXTREME HEADACHES, AND BELIEVES THAT THE ULCERS THAT HAVE

DEVELOPED ON HIS EYES FROM THE LACK OF TREATMENT ARE GETTING WORSE.

4. THE PLAINTIFF CONTENDS THAT A STRAY DOG TAKEN TO THE POUND GETS TREATED BETTER THAN WHAT MEDICAL TREATMENT IS PROVIDED TO THE PEOPLE HOUSED IN DECATUR COUNTY DETENTION CENTER.

5. FOR THESE REASONS THE PLAINTIFF REQUESTS THIS COURT TO AWARD ANY FURTHER DAMAGES IT DEEMS APPROPRIATE AND THAT COMPLY WITH STATE AND FEDERAL LAWS

DATED: NOVEMBER 10, 2022        RESPECTFULLY SUBMITTED

*[signature]*

MICHAEL JORGENSEN
601 S. IRELAND ST
GREENSBURG IN 47240